IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 8:56 am, Mar 09, 2018*

JAVIER ROCHA ALONZO,

      Petitioner,

v.

TRACY JOHNS,

      Respondent.

CIVIL ACTION NO.: 5:17-cv-126

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Petitioner Javier Alonzo's ("Alonzo") failure to comply with the Court's Order of December 20, 2017, (doc. 8), and his failure to prosecute this action. For the following reasons, I **RECOMMEND** that the Court **DISMISS without prefudice** Alonzo's action for failure to follow the Court's directive and failure to prosecute[1], **DISMISS as moot** all pending Motions, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal. I further **RECOMMEND** that the Court **DENY** Alonzo leave to appeal *in forma pauperis*.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Alonzo that his suit is due to be dismissed. As indicated below, Alonzo will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

On September 21, 2017, Alonzo filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, while housed at D. Ray James Correctional Facility in Folkston, Georgia. (Doc. 1.) The Court directed Respondent to respond to Alonzo's Petition. (Doc. 3.) Respondent filed a Motion to Dismiss on December 5, 2017. (Doc. 7.) On December 20, 2017, the Court issued an Order directing Alonzo to file any objections to Respondent's Motion to Dismiss within fourteen (14) days of the Court's Order. (Doc. 8.) The Court specifically advised Alonzo that, if he failed to respond, the Court would presume that he does not oppose dismissal of this action. (Id.) Despite this warning, Alonzo has entirely failed to respond to Respondent's Motion to Dismiss. Indeed, Alonzo has not taken any action in this case since October 12, 2017, the date he paid the requisite filing fee.

## DISCUSSION

The Court must now determine how to address Alonzo's failure to comply with this Court's Order, his failure to respond to Respondent's Motion to Dismiss, and his failure to prosecute this action. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS without prejudice** Alonzo's Petition and **DENY** him leave to appeal *in forma pauperis*.

**I.    Dismissal for Failure to Prosecute and Follow this Court's Orders**

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket.[2] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cty.

---

[2] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the Section 2254 Rules may be applied to Section 2241 petitions. Additionally, pursuant to Rule 12 of the Section 2254 Rules, the Federal Rules of Civil Procedure may apply to a habeas petition, to the extent the Civil Rules are not inconsistent with the Section 2254 Rules.

Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are

---

[3] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Alonzo that his failure to respond to the Motion to Dismiss would result in dismissal of this action. (Doc. 8.)

afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been advised of his obligation to respond to Respondent's Motion to Dismiss and the consequences for failing to respond, Alonzo has not filed any opposition to Respondent's Motion.  Additionally, with Alonzo not having taken any action in this case for nearly five months' time, he has failed to diligently prosecute his claims.

Thus, the Court should **DISMISS without prejudice** Alonzo's Section 2241 Petition, (doc. 1), for failure to follow this Court's directives and for failure to prosecute.

**II.     Leave to Appeal *in Forma Pauperis***

The Court should also deny Alonzo leave to appeal *in forma pauperis*.  Though Alonzo has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective

standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Alonzo's failure to follow this Court's directives and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Alonzo *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Alonzo's Petition, **DISMISS as moot** all pending Motions, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Alonzo leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C.

§ 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Alonzo and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of March, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA